In the Matter of CONTINENTAL CASUALTY COMPANY, Petitioner, against THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents.

Supreme Court, Special Term, Bronx County, March 31, 1952.

*Joseph Aronstein* for petitioner.

*George B. De Luca, District Attorney (John B. Lee* of counsel), for respondents.

CORCORAN, J. This proceeding is brought by the Continental Casualty Company to cancel and discharge a money judgment against it which was entered by the District Attorney of Bronx County on a bail forfeiture, and to set aside and vacate said forfeiture.

On December 5, 1950, the petitioner furnished a bail bond in the sum of $1,000, as surety for one James L. Cook, who was under indictment in the Bronx County Court on a charge of grand larceny.

While Cook was at liberty under this bail bond and awaiting trial on the charge pending against him in the Bronx, he committed another crime in New York County. He was arrested in New York County on December 19, 1950, and was remanded to the warden of Tombs City Prison upon his arraignment in connection with this second crime. While Cook was under detention in the city prison, the petitioner secured from the Clerk of the Bronx County Court a surrender piece, which it delivered to the warden of city prison on January 3, 1951. At the same time, the petitioner also delivered to the warden a certified copy of the bail bond and received from him a certificate acknowledging the surrender. The petitioner then filed this certificate of acknowledgment with the Clerk of the Bronx County Court on January 8, 1951.

The case against Cook was on the calendar of the Bronx County Court on January 5, 1951. Cook did not appear, but the case was adjourned to January 22, 1951, upon the application of the District Attorney. It appears from the stenographer's minutes of the hearing in the Bronx County Court on that day, that the District Attorney informed the court as follows: " This is a prison case, your Honor. He is now incarcerated awaiting possible indictment in Manhattan at 125 White Street. As soon as the prisoner can be transferred here, I am certainly ready to go to trial in the case."

On January 22, 1951, the case against Cook was adjourned by consent to February 19, 1951.

On February 19, 1951, the case against Cook again appeared on the Bronx County Court calendar, and when the court was informed that Cook was still in the Tombs and would not appear, the bail bond was declared forfeited.

Section 590 of the Code of Criminal Procedure provides:

" *Surrender, by whom, when and how made.* At any time before the forfeiture of the undertaking, any surety may surrender the defendant in his exoneration, or the defendant may surrender himself, to the court in which his case is pending at the time of the surrender, or to the officer to whose custody he was committed at the time of giving bail, in the following manner:

" 1. A certified copy of the undertaking of the bail must be delivered to the officer, who must detain the defendant in his custody thereon, as upon a commitment, and by a certificate

in writing, acknowledge the surrender, and he must forthwith notify the court in which the case is pending that such surrender has been made.

" 2. Upon the undertaking and the certificate of the officer, or upon the surrender to the court in which the case is pending, the court in which the indictment or the appeal, or other proceeding, as the case may be, is pending, must, upon a notice of five days to the district attorney of the county, with a copy of the undertaking and certificate, or certificate of surrender to the court, order that the bail be exonerated; and on filing the order and the papers used on application, the bail is exonerated accordingly.'' (As amd. by L. 1932, ch. 401, eff. March 26, 1932.)

There is no question but that a surrender of the principal Cook under this section would exonerate the surety (*Matter of People* [*Lexington Sur. & Ind. Co.*], 272 N. Y. 210). The issue raised in this proceeding is whether the petitioner's acts of filing the surrender piece and copy of the bail bond with the warden of the city prison in New York County and the filing of the warden's certificate of acknowledgment was a surrender. I am of the opinion that it was.

Tombs City Prison is under the direction and control of the commissioner of correction of the City of New York (New York City Charter, ch. 25), and its warden acted as the agent of the commissioner in accepting the surrender piece and the copy of the bail bond delivered to him by the petitioner. The commissioner of correction is the officer to whose custody Cook was committed at the time of giving bail. It appears, therefore, that the petitioner, as surety, complied with all the provisions of section 590 of the Code of Criminal Procedure. Cook was surrendered to the officer to whose custody he was committed at the time of giving bail, when the surrender piece and the certified copy of the undertaking of the bail were delivered to the warden, who then acknowledged the surrender. The requirement that the surety must notify the court in which the case is pending that such surrender has been made was met by the petitioner's filing of the warden's certificate with the Clerk of the Bronx County Court.

I do not agree with the District Attorney's contention that it was necessary for the petitioner to surrender Cook in person before the Bronx County Court. The statute does not require that. He was in the custody of the commissioner of correction at the time of giving bail, and that is the person to whom the surety could surrender him.

There is another reason why, in my opinion, the bail should not be forfeited in this case. The surety had a valid excuse for the nonappearance of Cook because he had been arrested and imprisoned in another county in this State (*People* v. *Bartlett,* 3 Hill 570). The court in that case pointed out that the common law had, for many years, recognized that the surety was excused for nonappearance of the principal on the ground of impossibility of performance if the principal was imprisoned by the authorities in the same jurisdiction, stating at page 571: " Baron Comyn lays down the rule, that the performance of a condition shall be excused by an obstruction of the obligee, or by an interruption of the performance by him. He adds ' So if there be a recognizance to the king for appearance, and the party is imprisoned by A. and B. who act by *lawful authority* of the king.' (*Com. Dig. tit. Condition,* (L. 6))."

The District Attorney appears to rely principally upon two cases: *People ex rel. Nugent* v. *Board of Police Comrs.* (114 N. Y. 245) and *Taylor* v. *Taintor* (83 U. S. 366).

It is true that there is dicta in the *Nugent* case which might be construed as opposed to the holding in *People* v. *Bartlett* (*supra*) but the case itself is not in point and the court's dicta did not distinguish cases of the principal's imprisonment in another jurisdiction from cases of his confinement in the same jurisdiction. That the court did not intend to repudiate the doctrine of *People* v. *Bartlett,* moreover, is evident from the fact that it cites the case with approval, and says of it (p. 249 of the opinion): " This case [*People* v. *Bartlett*] has been cited with approval in a long line of cases in the several courts of this state."

*Taylor* v. *Taintor* (*supra*) which is also relied upon by the District Attorney is clearly distinguishable. In that case, the surety posted bail for the principal's release in Connecticut. The prisoner went to New York and was extradited from this State to Maine upon a requisition upon the Governor of New York from the Governor of Maine. The principal was then tried and convicted of a crime in Maine and was imprisoned there. The surety pleaded this as an excuse for the principal's failure to appear in Connecticut, but the court rejected the excuse and declared the recognizance forfeited. The United States Supreme Court held, in a four to three decision (two Justices not sitting), that the bail was properly forfeited. The majority opinion by Justice SWAYNE, however, was careful to point out that the reason why the principal's imprisonment was no excuse was that it was in another jurisdiction. The language of this

opinion at page 371 is entirely in accord with *People* v. *Bartlett* (*supra*) : " The law which renders the performance impossible, and therefore excuses failure, must be a law operative in the State where the obligation was assumed, and obligatory in its effect upon her authorities. If, after the instrument is executed, the principal is imprisoned in another State for the criminal law of that State, it will not avail to protect him or his sureties. Such is now the settled rule."

If the principal is released on bail in this State and is under arrest or is imprisoned in another State or by the Federal authorities on the day when he is scheduled to appear, his bail is forfeited. If, however, he is under arrest or imprisonment in this State, even though in a different county, the bail is not forfeited when the principal's confinement is brought to the court's attention on or prior to the day of the principal's scheduled appearance. If the People of the State already have the principal in custody, it is difficult to see how the surety can be charged with failure to surrender the principal to the People. This appears to me to be simple justice and to represent the authoritative view. (In addition to cases cited, see *Scrivner* v. *State,* 173 Okl. 304; *People* v. *Meyers,* 215 Cal. 115; *McDonald* v. *Commonwealth,* 213 Ky. 570, and 8 C. J. S., Bail, §§ 77, 87).

The motion to vacate the judgment and the forfeiture is granted. Settle order.