■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STUYVESANT INSURANCE COMPANY, Appellant, et al., Defendant.— In a proceeding pursuant to sections 597 and 598 of the Code of Criminal Procedure, arising out of a criminal action, for the remission of a forfeiture of bail, the Stuyvesant Insurance Company, as surety for Donald Wilcox, the principal, appeals from an order of the Supreme Court, Kings County, entered April 1, 1965, which denied its application. Order affirmed, without costs. Donald Wilcox was arrested in New York as a fugitive from New Jersey under the Uniform Criminal Extradition Act. While on bail in New York, Wilcox voluntarily went to Pennsylvania where he allegedly committed a robbery. On April 28, 1964, the date he was to appear in New York on the extradition warrant, he

was in prison in Pennsylvania after being arrested for robbery. The fact that Wilcox was imprisoned in another State does not, under these circumstances, relieve the surety from its responsibility for producing him (*People* v. *Hernandez,* 15 A D 2d 798). Wilcox willfully and deliberately travelled to Pennsylvania and committed a crime there. His subsequent arrest and imprisonment was a natural consequence of that act. Under the circumstances, his failure to appear in New York cannot be said to have assumed an involuntary character. In our opinion, the surety's responsibility is the same as if the principal had left New York and refused of his own volition to return. The rights of the People of the State of New York have been infringed upon in spite of the fact that the principal had not committed a crime in New York, but was arrested in New York in order to compel him to answer for a crime committed in New Jersey. The judicial machinery of New York had been invoked and the mandate of a New York court flouted by the principal when he failed to appear on the appointed day (see *People* v. *Continental Cas Co.,* 301 N. Y. 79, 85). To hold otherwise would be to make a sham of the posting of bail under section 845 of the Code of Criminal Procedure. The request by the New Jersey authorities subsequent to April 28, 1964 to vacate the New York warrant since Wilcox was to be made available to them by Pennsylvania does not alter the situation. Events subsequent to the day scheduled for appearance should not operate retroactively to cure the failure to appear on that day (see *People* v. *Cohen,* 229 App. Div. 515, affd. 255 N. Y. 530). Under the circumstances, Criminal Term exercised its discretion properly in denying the surety's application to remit the forfeiture. Beldock, P. J., Christ, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to reverse the order and to grant the application to remit the forfeiture of bail, with the following memorandum: In my opinion, it was an improvident exercise of discretion to deny remission of bail where the principal's failure to appear resulted from his imprisonment in another State (see *People* v. *Fiannaca,* 306 N. Y. 513, 516; *People* v. *Peerless Ins. Co.,* 21 A D 2d 609). As the court said in *Peerless* (p. 618): "It should suffice that a surety guarantee the defendant's appearance whenever possible unless barred by law; it should not also be obliged to guarantee his good behavior or his good fortune in avoiding other confinement." In this case there are additional factors favoring the remission of bail, namely, (1) the principal had not committed a crime in New York, but had merely been arrested here for extradition to New Jersey; and (2) after the date the principal was required to appear, the State of New Jersey requested that the extradition warrant be withdrawn. Under these circumstances, I believe the application for remission of bail should have been granted, and its denial was improper.