122 N.J. Super. 177 (1973)
299 A.2d 748
STATE OF NEW JERSEY, PLAINTIFF,
v.
RAYMOND HYERS, DEFENDANT. WALTER STRINGER AND FLORENCE STRINGER, GUARANTORS-APPELLANTS,
v.
STATE OF NEW JERSEY AND THE COUNTY OF MONMOUTH, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1972.
Decided January 24, 1973.
*178 Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
Mr. Ralph A. Real argued the cause for appellants.
Mr. Frederick J. Kalma, Assistant Prosecutor, argued the cause for respondents (Mr. James M. Coleman, Jr., Monmouth County Prosecutor, attorney).
*179 PER CURIAM.
Defendant Hyers was convicted of incest after a jury trial and sentenced to a term of three to five years in State Prison, Trenton. On March 12, 1970 he was released on bail of $5,000 by order of this court, pending disposition of his appeal. A bail bond was posted by the Stuyvesant Insurance Company but only after Stuyvesant had obtained a collateral guarantee from Walter and Florence Stringer, who are the brother-in-law and sister of defendant.
Hyers' conviction was affirmed by this court in an unreported opinion on November 3, 1971. Thereafter the Prosecutor of Monmouth County unsuccessfully sought to have Hyers brought into custody or to have his bail bondsman produce him so that he might begin serving his sentence. On November 15, 1971 the prosecutor moved for a forfeiture of the bail, which was granted. Upon the entry of the order of forfeiture, the insurance company called upon the Stringers as guarantors to pay the sum of $5,000 plus $236.32 costs pursuant to their guarantee. This amount was paid on January 12, 1972 and on the following day Stuyvesant paid over $5,000 to the Treasurer of the County of Monmouth.
Thereafter, through the efforts of the Stringers defendant was found and apprehended in the State of Illinois and, after waiving extradition, brought back to New Jersey. Immediately after Hyers was returned to the New Jersey authorities a motion was made on behalf of the Stringers as guarantors and Hyers to vacate the forfeiture. No affidavits were submitted in support of the motion, the reason assigned being a statement that Hyers was back in State Prison, Trenton.
We gather from the record that the prosecutor and Monmouth County Counsel had indicated to counsel for the Stringers that since the Stringers were instrumental in the apprehension of Hyers in Illinois, the county would be satisfied with reimbursement for its expenses in returning Hyers and that of the County Counsel. The trial judge, however, refused to vacate the forfeiture in whole or in part and this appeal followed.
*180 A forfeiture of bail may be set aside in whole or in part if it is found by the court that "its enforcement is not required in the interest of justice * * *." R. 3:26-6(b). As we read the record, the trial judge appears to have determined that a decision as to whether the "interest of justice" will be served requires only a consideration of whether there has been some excuse for the nonappearance of defendant. We find this interpretation of R. 3:26-6(b) to be too restrictive. There are other factors that should be considered by a trial judge when the rule is invoked. The determination to be made is essentially equitable in nature and should include: (a) whether the applicant is a commercial bondsman; (b) the bondsman's supervision, if any, of defendant during the time of his release; (c) the bondsman's efforts to insure the return of the fugitive; (d) the time elapsed between the date ordered for the appearance of defendant and his return to court; (e) the prejudice, if any, to the State because of the absence of defendant; (f) the expenses incurred by the State by reason of the default in appearance, the recapture of the fugitive and the enforcement of the forfeiture; (g) whether reimbursement of the expenses incurred in (f) will adequately satisfy the interests of justice.
As we have heretofore noted, the record here is totally barren of any facts which would aid in considering the factors just mentioned. We have before us only certain representations made at oral argument which we find to be inadequate for a proper resolution of the question. Accordingly, we reverse the determination of the trial court and remand the matter for proceedings in accordance with this opinion.
We do not retain jurisdiction. Reversed.