STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. BEVERLY PEACE, DEFENDANT, AND PEERLESS INSURANCE COMPANY, APPELLANT.

Argued May 7, 1973—Decided June 5, 1973.

*Mr. Robert E. Levy* argued the cause for appellant Peerless Insurance Company.

*Mr. Frederick J. Kalma,* Assistant Prosecutor, argued the cause for respondent (*Mr. James M. Coleman, Jr.,* Monmouth County Prosecutor, attorney).

PER CURIAM. Appellant is the surety for defendant Beverly Peace whose $5,000 bail was forfeited because of her failure to appear for trial on an indictment for possession and sale of heroin. A motion for remission of the forfeiture pursuant to *R.* 3:26-6(b) was denied by the Monmouth County Court. The Appellate Division on appeal modified the forfeiture to the extent of $2,000 (less State's expense of $215) and ordered the remainder of the penal sum of the bond to be paid. We granted certification. 62 *N. J.* 573 (1973).

There was a seven-week delay after the case was first called for trial before defendant appeared. She pleaded

guilty and was given a custodial sentence. The surety had discovered her whereabouts outside the state and persuaded her to return to court. On the proceedings below for remission the State had sought only indemnification of its actual expenses attributable to the default in appearance of $215.

The matter of remission of bail forfeiture is regulated by *R.* 3:26–6(b) which provides that a forfeiture may be set aside, on conditions, "if its enforcement is not required in the interest of justice". Such remission may be ordered even after entry of judgment of default "in whole or in part". *Id.*, (c).

▉▉ The matter of remission lies essentially in judicial discretion. A list of factors appropriate for consideration is set forth in *State v. Hyers*, 122 *N. J. Super.* 177, 180 (App. Div. 1973). The Appellate Division in the present case was justified in concluding that, in all the circumstances, the county court exercised its discretion mistakenly in denying the surety any relief at all. But we cannot agree with appellant that greater relief than that directed by the Appellate Division was mandatory. There is an intangible element of injury to the public interest in almost any case where a defendant deliberately fails to make an appearance in a criminal case. While discretion might perhaps here have been exercised more liberally in favor of the surety, we do not conceive that the judgment of the Appellate Division was so wide of the mark as to require its modification by this Court.

Judgment affirmed; no costs on this appeal.

*For affirmance*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR and MOUNTAIN, and Judges SULLIVAN, CONFORD and COLLESTER—7.

*For reversal*—None.