137 N.J. Super. 79 (1975)
347 A.2d 811
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN FIELDS, DEFENDANT, AND INTERNATIONAL FIDELITY INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 3, 1975.
Decided November 14, 1975.
*80 Before Judges ALLCORN, KOLE and GAULKIN.
Messrs. Rosenthal & Rubinowitz, attorneys for appellant.
Mr. Martin Verp, attorney for respondent (Mr. Herman Osofsky on the brief).
PER CURIAM.
Appellant International Fidelity Insurance Company posted $2500 bond to bail defendant John Fields, *81 indicted on a charge of entering with intent to steal and larceny. Fields failed to appear for trial, and on December 3, 1973 the bail was declared forfeited. R. 3:26-6(a). Thereafter, on January 7, 1975, on motion of Passaic County and over the opposition of appellant, judgment was entered against Fields and appellant for the amount of the bond.
Appellant appeals, contending that the forfeiture should have been set aside and the bail remitted because Fields went to Florida with the permission of the sentencing judge; he was imprisoned in Florida and is still in prison, and appellant notified the Passaic County Prosecutor as soon as it learned of Fields' imprisonment and New Jersey filed a detainer against him. However, none of these facts was presented to the court by affidavit or other proper proof; we glean them only from the statements of counsel. The county states that Fields was not given permission to leave the State and, equally without proper proof, asserts that he committed a new crime when he reached Florida and is imprisoned for that crime.
Upon the record before us the county's only burden was to prove that Fields did not appear on the trial date and that his bail was forfeited. It was appellant's and Fields' burden to prove that it was inequitable to insist on the forfeiture and that forfeiture was not required in the interest of justice. R. 3:26-6(b); State v. Hyers, 122 N.J. Super. 177, 180 (App. Div. 1973); State v. Peace, 63 N.J. 127, 129 (1973). That burden appellant failed to support. The mere fact that defendant is imprisoned in Florida is not sufficient to relieve the forfeiture in whole or in part, especially if he left New Jersey without permission, or is jailed for a new crime. Cf. People v. Stuyvesant Ins. Co., 24 A.D.2d 989, 265 N.Y.S.2d 268 (App. Div. 1965), aff'd 21 N.Y.2d 907, 289 N.Y.S.2d 624, 236 N.E. 2d 857 (Ct. App. 1968); People v. Peerless Ins. Co., 21 App. Div.2d 609, 253 N.Y.S.2d 91, 103 (App. Div. 1964).
Affirmed.