154 N.J. Super. 201 (1977)
381 A.2d 72
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RALF FULLER ERICKSON, A/K/A, RALF ERICKSON, A/K/A RALF ERICKSON, DEFENDANT, AND MIDLAND INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 14, 1977.
Decided December 5, 1977.
*202 Before Judges FRITZ, BOTTER and ARD.
Messrs. Rosenthal & Rubinowitz, attorneys for the appellant (Mr. Richard P. Blender, of counsel and on the brief).
*203 Mr. Martin Verp, Passaic County Counsel, attorney for the respondent (Mr. Herman Osofsky, Assistant County Counsel, on the brief).
PER CURIAM.
This is an appeal from an order involving a bail forfeiture.
Erickson (defendant), indicted for alleged possession of a weapon in a motor vehicle and illegal possession of dangerous instruments, was released after posting a bail bond in the amount of $2,500. Subsequently he failed to appear for arraignment, and the court forfeited bail. Thereafter, on motion, a judgment was entered against defendant and Midland Insurance Company (Midland) for the full amount of the bond.
Midland then moved to vacate the forfeiture and judgment. After a hearing on the motion the judge entered an order vacating the judgment of forfeiture provided Midland paid "$1,000 costs" within 30 days. Midland then filed an appeal from the order.
A brief review of the facts is necessary. It was not disputed that on February 5, 1976, the arraignment date, Erickson was in the Middlesex County Jail on an unrelated matter. He had been there approximately three months. Midland's affidavit averred that Erickson's attorney had kept the authorities advised of his whereabouts at all times. During the argument on the motion, county counsel admitted that on the day of the scheduled arraignment it had been confirmed that Erickson was in the Middlesex County Jail; however, he asserted that Midland had not supplied the information. Shortly after the aborted arraignment on February 5, 1976 Erickson was returned on a warrant to Passaic County and arraigned. Thereafter he was found guilty and sentenced. The county conceded that no money had been expended as a result of Erickson's failure to appear at the arraignment on February 5, 1976.
In ruling on the motion the court concluded that Midland was not entitled to full remittance. State v. Fields, 137 *204 N.J. Super. 79 (App. Div. 1975). We have concluded that the trial court's order making the vacation of the forfeiture of the recognizance and the judgment conditional upon the payment of "$1,000 costs" to be a partial remission since a default judgment had already been entered. After entry of judgment remission may be granted in the interests of justice, in whole or in part. R. 3:26-6(c); State v. Peace, 63 N.J. 127, 129 (1973).
Midland's argument on appeal is two-pronged. It insists that bail should not be forfeited because defendant's custody in another county prevented his appearance. Alternatively, it argues that, in any event, it is entitled to greater relief than was granted.
The mere fact that a defendant is imprisoned in another state is not sufficient to relieve a forfeiture in whole or in part. State v. Fields, supra at 81. It is the same as if he had left the state and refused of his own volition to return. People v. Stuyvesant Ins. Co., 24 A.D.2d 989, 265 N.Y.S.2d 268, 269 (App. Div. 1965), aff'd 21 N.Y.2d 907, 289 N.Y.S.2d 624, 236 N.E.2d 857 (Ct. App. 1968). It has long been accepted that the duty of one state to surrender the principal of a bail to another state is not absolute and unqualified, and, therefore, out-of-state incarceration of a defendant does not protect a surety. Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 21 L.Ed. 287 (1873); Steelman v. Mattix, 38 N.J.L. 247 (Sup. Ct. 1876).
Different reasoning applies if a defendant is incarcerated in another county of the same state at the time of his scheduled appearance. Bail will be exonerated where the performance of the condition of the bail contract, i.e., the appearance of the principal to answer to a criminal charge, is rendered impossible by an act of the law operative in the state where the obligation was assumed. Taylor v. Taintor, supra. The accepted rule is that a subsequent arrest and imprisonment in the same state, although in another county, will relieve a defendant from appearing at the time and place stipulated. The very same state government which has held defendant *205 amenable to a charge in one county, has by law taken jurisdiction or custody of him in another county. Sanders v. State, 166 Tex. Cr. R. 255, 312 S.W.2d 660, 661 (Cr. App. 1958). See generally, 4 A.L.R.2d 440, 444-446 (1949); 8 Am. Jur.2d, Bail and Recognizance, § 186 at 884; People v. Peerless Ins. Co., 21 A.D.2d 609, 253 N.Y.S.2d 91, 101, 108 (App. Div. 1964); Continental Cas. Co. v. People, 202 Misc. 740, 111 N.Y.S.2d 495, 498-499 (Sup. Ct. 1952).
Jurisdictions which have held that incarceration in another county does not prevent forfeiture of bail have generally done so on the basis that the court was not timely informed, or the sureties had not shown sufficient diligence in having the matter procedurally taken care of by the authorities, thereby prejudicing the state. Continental Cas. Co. v. People, supra; 4 A.L.R.2d, supra at 445-446; 8 Am. Jur.2d, supra at 885.
In the present case, although no factual determination was made whether the authorities were timely informed of defendant's whereabouts, it was undisputed that his incarceration in another county was confirmed on the date of the scheduled arraignment. The county has admitted no costs were incurred, and we see little prejudice to the State in prosecuting its criminal case. State v. Hyers, 122 N.J. Super. 177, 180 (App. Div. 1973).
We do note that, although given notice, Midland allowed bail to be forfeited and a judgment to be entered for the full amount before challenging the basis for such action. Accordingly, we deem some penalty appropriate. The matter is reversed and remanded for the entry of an order granting Midland remission of all but $100 of the bail forfeited. No costs.