754 A.2d 601

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. ANTHONY KORECKY, DEFENDANT.

LUCKY 7 BAIL BONDS, APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. ANTHONY KORECKY, DEFENDANT.

RANGER INSURANCE COMPANY, APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted July 5, 2000—Decided July 14, 2000.

Before Judges STERN and KIMMELMAN.

*Richard P. Blender,* attorney for appellant Lucky 7 Bail Bonds.

*Murphy & O'Connor,* attorneys for appellant Ranger Insurance Company (*Edward R. Murphy* and *Stephen E. Siegrist,* on the brief).

*E. David Millard,* Ocean County Prosecutor, attorney for respondent, State of New Jersey (*Marc E. Roessler,* Assistant County Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

KIMMELMAN, J.A.D.

A bail bondsman, Lucky Seven Bail Bonds (Lucky Seven) and the surety, the underwriter of the bond, Ranger Insurance Company (Ranger) have lodged separate appeals from an order entered July 9, 1999, forfeiting to the State $50,000 from a $100,000 surety bond executed on April 22, 1999, by Lucky Seven and Ranger. Because the facts of each appeal are essentially the same, we treat the appeals together and issue this single opinion. We conclude that each appeal be reversed and remanded, and we direct that there be a complete remission of the forfeiture.

Defendant, Anthony Korecky, was indicted along with ten co-defendants on January 27, 1999, for charges including burglary, theft, tampering with public records and uttering a forged instrument. Upon arraignment, defendant was released after posting a $50,000 surety bond. On April 19, 1999, several of the co-defendants pleaded guilty. After a co-defendant (Daniel Knoeller) indicated to the court that defendant had threatened him if he (the co-defendant) agreed to testify for the State against defendant, defendant's bail was revoked and a bench warrant was issued for his arrest. Defendant surrendered to the court on April 21, 1999, and on April 22, 1999, the court raised his bail to $100,000 and added a specific "no contact" provision to be included as part of the surety bond. The "no-contact" provision as prescribed by the court read as follows:

> The bail on Anthony Korecky is hereby set at $100,000, surety bond only. The surety bond is to include the following conditions:

The defendant, Anthony Korecky, is to have no contact of any nature whatsoever, directly or indirectly through others, with any co-defendant in this case who has pled guilty and agreed to testify for the State. In the event of any such contact, this bail will be revoked and forfeited. This condition does not preclude counsel for the defendant or licensed investigators for counsel from any such contact in preparation for trial.

Any surety bond for this defendant is to be submitted for Court approval prior to the defendant's release.

In order to secure the release of defendant, the bail bondsman, as Ranger's Attorney–in–Fact agreed to issue and did execute a surety bond which contained the above "no contact" provision. However, the surety bond also contained a clause limiting the Attorney–in–Fact's authority to appearance bonds only, expressly excluding any other condition imposed by the court "not specifically related to court appearance." The power of attorney clause reads as follows:

KNOW ALL MEN BY THESE PRESENTS that The Ranger Insurance Company, a corporation duly organized and existing under the laws of the State of Delaware and by the authority of the resolution adopted by the Board of Directors at a meeting duly called and held on November 10, 1988, which said Resolution has not been amended or rescinded, does constitute and appoint and by these presents does make, constitute and appoint the named agent its true and lawful Attorney–in–Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. Authority of such Attorney–in–Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitation, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

Although the form of the surety bond was brought to the attention of the court and the prosecutor, no mention or notation was made that the surety bond limited the authority of bail bondsman to execute appearance bonds only. It may be that such printed clause limiting the authority of the bondsman was later attached to the bond. In this opinion, we elect to pass over and not address the issue of the limited authority of the bail bondsman. Rather, we choose to deal with the merits of the $50,000 forfeiture.

The operative facts indicate that on May 11, 1999, another of defendant's co-defendants, Kirk Feinstein, pled guilty pursuant to a plea bargain agreement and as part of the plea, he agreed to

testify for the State. On May 19, 1999, defendant was again indicted and charged with witness tampering stemming from the threats he had previously made to co-defendant Daniel Knoeller.

On May 23, 1999, while at Six Flags Great Adventure Amusement Park, defendant fortuitously met up with co-defendant Kirk Feinstein, and called him a "rat" and threatened physical harm if he, Feinstein, cooperated with the State. Feinstein promptly reported to the law authorities the threat made to him. Defendant was forthwith arrested, charged with witness tampering and lodged in the Ocean County Jail. Bail was set in the amount of $125,000 on such charge.

On May 24, 1999, the State filed a motion to forfeit the $100,000 surety bond issued by Lucky 7 and Ranger because defendant had violated the "no contact" provision. After argument on the motion, the court, on July 9, 1999, ordered that $50,000 of the bond be forfeited finding that defendant clearly violated the "no contact" provision of the surety bond. Ranger's motion for reconsideration was denied on August 9, 1999 and Ranger has appealed that denial as well.

While the State's motion for the forfeiture of the $100,000 bond was pending, it appears that on June 11, 1999, pursuant to a plea bargain, defendant entered a guilty plea to certain counts of the original indictment and also entered a guilty plea to the charged of witness tampering arising from the threats made to co-defendant Daniel Knoeller. In exchange for these guilty pleas, the State agreed to recommend a dismissal of the witness tampering charge with respect to defendant's conduct towards co-defendant Kirk Feinstein at the Six Flags Great Adventure Amusement Park. Defendant's bail was revoked and he was remanded to the Ocean County Jail.

We conclude that the court properly revoked defendant's bail for violation of the "no contact" provision but erred in ordering a forfeiture. While *R.* 3:26-6(a) authorizes a court on its own motion to order a forfeiture of bail, upon breach of a condition

of a recognizance, the rule, *R.* 3:26–6(b), also authorizes a court to direct "that a forfeiture be set aside if its enforcement is not required in the interest of justice...." Moreover, even if forfeiture is not set aside after entry of judgment, it may be remitted in whole or in part in the interest of justice. R. 3:26–6(c)

█ It is important that a distinction be made between (1) revocation of bail because of a breach of the bail recognizance such as non-appearance or because of a violation of some other condition of the recognizance and (2) forfeiture of bail which generally involves a monetary penalty. Revocation of bail involves a violation of the recognizance and leads to the apprehension and incarceration of the defendant whereas forfeiture of bail involves financial recompense to the State by reason of the revocation of bail, the recompense to be made by the person(s), entities or surety which posted the bail.

█ Nevertheless, a forfeiture may be set aside or remitted in whole or in part in the interest of justice. *R.* 3:26–6(b), (c). However, "[T]he matter of forfeiture lies essentially in judicial discretion...." *State v. Peace,* 63 *N.J.* 127, 129, 305 *A.2d* 410 (1973) Such a determination is equitable in nature and should include a review of the seven factors this court set out in *State v. Hyers,* 122 *N.J.Super.* 177, 299 *A.2d* 748 (App.Div.1973), and adopted by the Supreme Court in *Peace, supra,* 63 *N.J.* at 129. In *Hyers* said:

> A forfeiture of bail may be set aside in whole or in part if it is found by the court that "its enforcement is not required in the interest of justice ..." *R.* 3:26–6(b). As we read the record, the trial judge appears to have determined that a decision as to whether the "interest of justice" will be served requires only a consideration of whether there has been some excuse for the nonappearance of defendant. We find this interpretation of *R.* 3:26–6(b) to be too restrictive. There are other factors that should be considered by a trial judge when the rule is invoked. The determination to be made is essentially equitable in nature and should include: (a) whether the applicant is a commercial bondsman; (b) the bondsman's supervision, if any, of defendant during the time of his release; (c) the bondsman's efforts to insure the return of the fugitive; (d) the time elapsed between the date ordered for the appearance of defendant and his return to court; (e) the prejudice, if any, to the State because of the absence of defendant; (f) the expenses incurred by the State by reason of the default in appearance, the recapture of the fugitive and the

enforcement of the forfeiture; (g) whether reimbursement of the expenses incurred in (f) will adequately satisfy the interests of justice.

[*Id.* at 180, 299 *A.*2d 748.]

Traditionally, forfeiture of bail occurs by reason of a defendant's failure to appear. The forfeiture, including the amount thereof, ought to bear some reasonable relation to the cost and inconvenience to the state in regaining the defendant's custody, the amount of delay caused by the non-appearance, the stage of the proceedings, the prejudice suffered by the state and the public interest and necessity of effectuating the appearance of the defendant. *See State v. Hernandez*, 1 *Neb.App.* 830, 511 *N.W.*2d 535, 539–40 (1993).

In the instant matter, defendant's bail was revoked and partially forfeited because of defendant's violation of the "no contact" provision of his recognizance. Within hours of the violation, a complaint was made by co-defendant Kirk Feinstein and defendant was apprehended and incarcerated for his breach. The trial court made no finding as to the costs incurred by the State in regaining custody of defendant nor did the prosecution assert any costs, leading us to conclude that such costs, if any, were negligible. *See State v. Erickson*, 154 *N.J.Super.* 201, 205, 381 *A.*2d 72 (App.Div.1977). To be sure, the public interest was offended by defendant's breach of the "no contact" provision. However, the public's interest was substantially assuaged by the defendant's guilty plea to the indictment for witness tampering involving co-defendant Daniel Knoeller and by the State's plea bargain dismissal of the witness tampering charge involving co-defendant Kirk Feinstein. In effect, neither the State nor the public suffered any meaningful prejudice by defendant's failure to honor the "no contact" provision. The State's case was not compromised.

Under the totality of the circumstances of this case, it would be inequitable to insist upon the forfeiture to vindicate the public's interest. As in *State v. Poon*, 244 *N.J.Super.* 86, 92, 102–03 581 *A.*2d 883 (App.Div.1990), we deemed the complete forfeiture of defendant's bail to be inequitable where defendant, an illegal immigrant, was unable to appear for trial because in the interim

between the posting of bail and the date set for trial, the Immigration and Naturalization Service of the United States, caught up with Poon and had him deported. Obviously, Poon's non-appearance in New Jersey for trial was not possible and his absence was excused. After "consideration of the equities" we remanded the matter for the determination of costs, if any. *Id.* at 102–03, 581 *A.*2d 883. We need not go that far in this case. Defendant appeared, made a plea bargain with the State, and entered guilty pleas to the pertinent charges with no evident cost to the State.

By reason of the circumstances of this case the interest of justice does not require a forfeiture. We reverse the order of forfeiture entered July 9, 1999, and the order of August 9, 1999, denying reconsideration and remand the matter to the trial court to enter an order remitting the forfeiture.