824 A.2d 1100 (2003)
361 N.J. Super. 184
STATE of New Jersey, Plaintiff-Respondent,
v.
Malik DILLARD, Defendant, and
Highlands Insurance Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Joseph Carillo, Defendant, and
Allegheny Casualty Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Tyla Watkins, Defendant, and
Allegheny Casualty Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Jimmy Vargas, Defendant, and
Legion Insurance Company, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 2003.
Decided June 13, 2003.
*1101 Samuel M. Silver, New Brunswick, argued the cause for appellants (Mr. Silver and Ted Del Guercio, III, Sparta, on the briefs).
Donna M. Whiteside, Assistant County Counsel, argued the cause for respondents (Frederick J. Schuck, Camden County Counsel, attorney; Ms. Whiteside, on the brief).
Before Judges PRESSLER, CIANCIA and HOENS.
PER CURIAM.
In each of these four bail forfeiture appeals the corporate surety that posted bail for the respective defendant contends that the trial court erred in denying remission *1102 of bail or in granting only partial remission. Because of the similarity of issues we have consolidated the appeals for disposition.
The relevant considerations addressing the forfeiture and remission of bail were recently noted and discussed in State v. de la Hoya, 359 N.J.Super. 194, 819 A.2d 467 (App.Div.2003). They derive principally from State v. Peace, 63 N.J. 127, 305 A.2d 410 (1973); State v. Mercado, 329 N.J.Super. 265, 747 A.2d 785 (App. Div.2000); and State v. Hyers, 122 N.J.Super. 177, 299 A.2d 748 (App.Div.1973); see also R. 3:26-1 to -7. The decision to remit bail and the amount to remit is within the equitable discretion of the court. That discretion is exercised by considering the nonexclusive list of relevant factors set out in Hyers, supra, 122 N.J.Super. at 180, 299 A.2d 748:
(a) whether the applicant is a commercial bondsman; (b) the bondsman's supervision, if any, of defendant during the time of his release; (c) the bondsman's efforts to insure the return of the fugitive; (d) the time elapsed between the date ordered for the appearance of defendant and his return to court; (e) the prejudice, if any, to the State because of the absence of defendant; (f) the expenses incurred by the State by reason of the default in appearance, the recapture of the fugitive and the enforcement of the forfeiture; (g) whether reimbursement of the expenses incurred in (f) will adequately satisfy the interest of justice.
In each of the present cases the trial judge referenced the pertinent case law, but gave only minimal expression as to how the relevant factors were weighed. We find that inadequate consideration was given to those factors that favor a greater remission than that which was awarded. We also believe that the constitutional right to bail, N.J. Const. art. I, ¶ 11; State v. Konigsberg, 33 N.J. 367, 372-373, 164 A.2d 740 (1960), "modified and overruled" on other grounds, State v. Engel, 99 N.J. 453, 473, 493 A.2d 1217 (1985), can be significantly impeded if the sureties that successfully locate and return absconding defendants are not granted adequate remission. Rather than remand for further consideration we choose to exercise our original jurisdiction. R. 2:10-5.
We derive many of the facts from certifications submitted by counsel and we note the State's consternation that the certifications violate the personal knowledge requirement of R. 1:6-6. We choose to relax that rule for present purposes because the State presents no contravening facts and we are satisfied that counsel for the sureties has presented the certifications in good faith. This relaxation, however, will not be routinely granted. In the future the requirements of R. 1:6-6 must be met.
In each of these appeals the most significant fact is that the defendant was recaptured by the surety within a not-inordinate period of time following notice of bail forfeiture, although no motions to set aside forfeiture were made within the time limits set forth in R. 3:26-6. None of the defendants was charged with committing a new offense while a fugitive. These cases show an appalling lack of supervision prior to defendant's failure to appear in court. Adequate supervision would have significantly increased the amount of remission.
In addition to the Hyers' factors, trial courts must consider an overview of the goals the bail system attempts to achieve. Bail in most cases is a constitutional right and often that right can only be effectuated through the purchase of a bond. Those bonds, in turn, are often collateralized by security put at risk by friends or relatives of the defendant. A partial forfeiture of bail will result in the loss of that security.
*1103 On the other hand, a surety's abdication of its obligation to supervise a defendant or to aggressively pursue him if he absconds should not be condoned and should be addressed by some amount of forfeiture. The trial court should be aware of the incentives and disincentives that remission and forfeiture create. The aim is not to produce revenue for the county or State, but to facilitate a viable bail system fair to all concerned.
With these considerations in mind, we make the following dispositions:
Malik DillardA-1867-02T1
Bail in the amount of $22,500 was posted on May 11, 2001 and defendant failed to appear for a court date on August 10, 2001. Notice of bail forfeiture issued on August 16, 2001. The surety captured defendant and surrendered him to New Jersey authorities on November 6, 2001. No expenses were shown by either side. We note that the surety's supervision of defendant up until the time he failed to appear in court was severely lacking, if it existed at all. The trial court forfeited $19,500 of the $22,500 bail. We now vacate the trial court's order and direct a forfeiture of $4,500 and a remission of $18,000.
Joseph CarilloA-2052-02T1
Defendant was admitted to $50,000 bail on May 30, 1997. He failed to appear in court on April 9, 1999 and notice of bail forfeiture issued on April 22, 1999. The surety apprehended defendant on August 11, 2000 and surrendered him on the same date to New Jersey authorities. No expenses were shown by either side. Again, the record is barren of any demonstration that defendant was properly supervised before jumping bail. The trial court forfeited the entire $50,000. We now vacate that order and direct that $12,500 be forfeited and $37,500 be remitted to the surety.
Tyla WatkinsA-2059-02T1
Bail of $10,000 was posted, although the record does not reflect on what date. Defendant failed to appear in court on February 13, 1998, but the notice of bail forfeiture was not sent to the surety until July 13, 2000. Defendant was apprehended and returned to New Jersey authorities on September 18, 2000. Before defendant absconded, supervision of him by the surety was apparently not undertaken. No costs were presented by either side. The trial court forfeited $8,500 of the $10,000 bail. We now vacate that order and direct a forfeiture of $2,000 and a remission of $8,000.
Jimmy Vargas3578-01T1
Bail in the amount of $200,000 was posted in November 2000. Defendant failed to appear in court on June 10, 2001. The notice of forfeiture issued on June 26, 2001. The surety appointed successive recovery agents and defendant was finally apprehended and surrendered to New Jersey authorities on January 4, 2002. The surety expended $7,000 in the successful effort to capture defendant. The State presented no expenses. Again, supervision of defendant prior to the date he absconded was severely deficient. The trial court forfeited $193,000i.e., the entire bail less the surety's costs in recovering defendant. We can find no equitable basis for a forfeiture of this magnitude. We vacate the trial court's order and direct forfeiture of $40,000 and remission of $160,000.
In each of these appeals the order of the trial court is vacated and the matter is remanded for entry of orders consistent with this opinion. We do not retain jurisdiction.