**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4602-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BASSIL E. BASSIL,
SENECA INSURANCE COMPANY, INC., Surety,
and DAVID TARUSSI, Agent,

    Defendants,

and

FLASH BAIL BONDS, Agency,

    Defendant-Appellant.

_____

Submitted February 14, 2017 — Decided August 14, 2017

Before Judges Koblitz and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Indictment No.
14-02-0244.

Law Office of Jarred S. Freeman, LLC,
attorneys for appellant (Mr. Freeman, on the
brief).

Law Office of Christopher J. Kane, LLC,
attorney for respondent (Mr. Kane, of counsel
and on the brief).

PER CURIAM

Defendant Flash Bail Bonds (Flash Bail) appeals from the Law Division's April 23, 2015 order denying its motion to stay execution of judgment requiring forfeiture of bail posted for Bassil E. Bassil.  For the reasons expressed below, we affirm.

We glean the following relevant facts and procedural history from the record on appeal.  On August 10, 2013, Flash Bail indemnified the $50,000 bail posted for Bassil for charges arising in Bergen County.  Three days after being released, Bassil was arrested and incarcerated on new charges occurring in Middlesex County.  For those charges, Speedy Bail Bonds posted bail in the amount of $150,000 for Bassil on August 19.  Flash Bail was unaware of Bassil's subsequent arrest and release on bail.

Following Bassil's failure to appear in court on March 20, 2014, a judgment of forfeiture of the bail secured by Flash Bail was entered on June 25, 2014, with enforcement of the judgment stayed until September 9, 2014, to allow Flash Bail the opportunity to surrender Bassil.[1]  Although Bassil remained a fugitive, the trial court granted Flash Bail's motion to stay enforcement until November 7, 2014.

---

[1] Bail posted by Speedy Bail Bonds was also forfeited, but it is not a subject of this appeal.

When Bassil could not be located, Flash Bail filed another request on November 7, 2014, to stay enforcement of the forfeiture judgment.[2] According to Flash Bail, it had been trying to locate Bassil since November 2013, after he failed to report to their office, and their investigation led them to believe that he may have fled the country.

For reasons that are unclear from the record, the trial court did not conduct argument on the motion until April 23, 2015. Considering Flash Bail's motion as a request to vacate the forfeiture judgment, the court determined there was no basis to do so, and entered an order that day denying the application. Flash Bail filed a notice of appeal on June 3, 2015.

Before us, Flash Bail contends that we should "discharge its liability with respect to [] Bassil's bail and return the $50,000 forfeited" because the State did not notify it of the new charges and the bail posted by Speedy Bail Bonds days after Flash Bail had posted bail. In support, Flash Bail cites State v. Ceylan, 352 N.J. Super. 139, 144 (App. Div.), cert. denied, 174 N.J. 545 (2002), for the principle that the new bail recognized the increased risk of flight, which was a material change in its bail agreement with Bassil. We are not persuaded.

---

[2] Although there was no appeal at that point, Flash Bail also sought to post a supersedeas bond in lieu of cash pending appeal.

Initially, we point out that the oral decision supporting the April 23, 2015 order lacked a clear statement of reasons as required by Rule 1:7-4. That deficiency does not, however, preclude our conclusion that the judgment of forfeiture should not be vacated.

We next address the State's contention that Flash Bail's appeal is untimely. We disagree with the State's argument that Flash Bail is appealing the judgment of forfeiture entered on June 25, 2014. Flash Bail is appealing the April 23, 2015 order denying its motion to vacate the judgment of forfeiture after two stays of enforcement had been granted. Thus, Flash Bail's notice of appeal filed on June 3, 2015, was timely. See R. 2:4-1(a).

Though Flash Bail does not expressly argue that it is entitled to vacate the trial court's judgment under Rule 4:50-1, it does so implicitly by maintaining that the trial court erred in not discharging the judgment of forfeiture because the State failed to notify it of the increased risk of flight due to the new bail posted for Bassil. Rule 4:50-1(f) is a catch-all provision that authorizes a court to relieve a party from a judgment or order for "any other reason justifying relief from the operation of the judgment or order."[3] The essence of subsection (f) is to achieve

---

[3] Rule 4:50-1(a)-(e) authorizes a court to relieve a party from a final judgment or order for reasons such as: mistake or

equity and justice in exceptional situations that cannot be easily categorized. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009) (citing Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)).

We review a court's determination of a Rule 4:50-1 motion under an abuse of discretion standard. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). There is "an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Considering that the matter before us involves the forfeiture of bail, we are also mindful that the issue of remission of a forfeiture is equitable in nature. State v. Hyers, 122 N.J. Super. 177, 180 (App. Div. 1973). Pursuant to Rule 3:26-6(b), the court may set aside a forfeiture of bail "in whole or in part, if its enforcement is not required in the interest of justice upon such conditions as it imposes." R. 3:26-6(b) (emphasis added); see State v. Peace, 63 N.J. 127, 129 (1973). Thus, we review the motion judge's decision for abuse of discretion. State v. Ventura, 196 N.J. 203, 213 (2008).

---

inadvertence; certain newly discovered evidence; fraud; the judgment or order is void; or the judgment or order has been satisfied. These provisions do not address the argument raised by Flash Bail.

Applying these standards, there is no sound reason to justify vacation of the judgment of forfeiture. Flash Bail cites no legal authority requiring the State to notify a surety that a bond it posted for a criminal defendant increased in risk because the defendant was charged with a subsequent offense resulting in a new higher bail that was posted by another surety.

Flash Bail's reliance on Ceylan is misplaced. There, we concluded that the trial court abused its discretion when it refused to permit the surety to surrender the defendant and obtain exoneration on the recognizance bond once the defendant was convicted at trial on an unrelated charge. Ceylan, supra, 352 N.J. Super. at 145. We concluded that because the risk of flight by the defendant "had changed materially from that existing prior to trial [on the unrelated charge]" the judge abused his discretion by permitting the defendant to remain free on bail, and by denying the surety's motion for exoneration. Id. at 144-45.

Here, the surety, Flash Bail, did not motion for exoneration of the bond based upon the surrender of Bassil. Significantly, it is clear from the record that the trial court gave Flash Bail more than ample opportunity to surrender Bassil before executing the judgment of forfeiture. When the judgment was entered on June 23, 2014, the court stayed execution until September 9, 2014, to allow Flash Bail to produce Bassil. Because Bassil remained a

A-4602-14T1

fugitive, stay of enforcement was extended to November 7, 2014. In fact, the stay was essentially extended for almost six months until April 23, 2015, when the court eventually denied Flash Bail's request to vacate the judgment of forfeiture, which had been filed on November 7, 2014.

Furthermore, despite recognizing that a surety should be afforded the opportunity to decide whether it is willing to accept the increased risk after a defendant failed to appear for court proceedings following the surety's issuance of the recognizance, Ceylan did not impose an obligation on the State to notify a surety of an increased risk of forfeiting a posted bond for a defendant who is charged with or found guilty of subsequent offenses. See id. at 143. Thus, we cannot conclude that the trial court abused its discretion in refusing to either vacate the judgment of forfeiture, or continue to stay execution of the judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-4602-14T1