STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
RAYMOND HYERS, DEFENDANT-APPELLANT.

WALTER STRINGER AND FLORENCE STRINGER, GUAR-
ANTORS-APPELLANTS, v. STATE OF NEW JERSEY AND
THE COUNTY OF MONMOUTH, DEFENDANTS-RESPON-
DENTS.

Superior Court of New Jersey
Appellate Division

Argued September 11, 1973—Decided September 25, 1973.

Before Judges HALPERN, MATTHEWS and BISCHOFF.

Mr. Ralph A. Real argued the cause for guarantors-appellants.

*Mr. Edward A. MacDuffie, Jr.,* Assistant Prosecutor, argued the cause for defendants-respondents (*Mr. James M. Coleman, Jr.,* Monmouth County Prosecutor, attorney; *Mr. Frederick J. Kalma,* Assistant Prosecutor, on the brief).

PER CURIAM. Appellants, Walter and Florence Stringer, were guarantors on a bail bond in the sum of $5,000 posted by Stuyvesant Insurance Company on behalf of defendant, Raymond Hyers. On Hyers' failure to appear to commence serving his prison sentence, Monmouth County forfeited the bail. Ultimately, appellants paid the $5,000. Subsequently, through appellants' efforts, Hyers was located and confined to the New Jersey State Prison.

Appellants' application for remission of all or part of the $5,000 they paid was denied by the trial court. On appeal, this court reversed and remanded with directions to the trial court to consider certain facts, using equitable standards, and to reconsider appellants' application. *State v. Hyers,* 122 *N. J. Super.* 177, 180 (App. Div. 1973).

A hearing was held in compliance with the remand. The trial court again denied appellants' application primarily because it felt appellants had no standing to seek relief, and secondarily, that the interests of justice would not be served by granting relief. We disagree.

Appellants having paid the $5,000, they were subrogated to Stuyvesant Insurance Company's right to make a claim for a refund under *R.* 3:26–6; *Guarantee Co. of No. America v. Tandy & Allen Const. Co.,* 76 *N. J. Super.* 274, 278 (App. Div. 1962). Brushing aside technicalities, appellants were the real parties in interest. Admittedly, appellants made all reasonable efforts to locate defendant which ultimately bore fruit, and the State suffered no prejudice. Using the standards we set as guidelines in our remand, justice mandates that a portion of appellants' $5,000 be remitted. *State v. Peace,* 63 *N. J.* 127 (1973). It is undisputed that the State expended $1,154 by reason of the default, and since we feel that an added penalty should be imposed, we direct

that respondents remit to appellants the sum of $3,500, without interest.

Reversed. Judgment to be entered in accordance herewith. No costs on this appeal.