208 N.J. Super. 61 (1986)
504 A.2d 1212
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FREDERICK IVAN CHILDS, A/K/A ABDULLAH CHILDS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 13, 1986.
Decided February 10, 1986.
*62 Before Judges J.H. COLEMAN and HAVEY.
*63 Alan Dexter Bowman, attorney for appellant (Alan Dexter Bowman on the letter brief).
Nicholas L. Bissell, Jr., Somerset County Prosecutor, attorney for respondent (A. Peter DeMarco, Jr., Assistant Prosecutor on the letter brief).
The opinion of the court was delivered by HAVEY, J.A.D.
Defendant appeals from the trial court's denial of his motion to vacate the forfeiture of a $15,000 bail posted by his mother to secure his release pending his trial on a Somerset County indictment. The $15,000 represented a 10% cash deposit in lieu of $150,000 bail. Defendant had been charged with armed robbery; possession of a weapon for unlawful purposes; assault with a deadly weapon; possession of a weapon by a convicted felon; assaults on two police officers, possession of a weapon without a permit, and possession of hollow-nosed bullets.
Defendant's failure to appear for his trial necessitated several adjournments after which a bench warrant was issued for his arrest and his bail was forfeited. Several weeks after forfeiture of the bail defendant was apprehended in Newark. A jury convicted defendant on most of the offenses, including armed robbery, and he was sentenced to an extended state prison term of 50 years with a 25-year period of parole ineligibility. We affirmed the judgment of conviction and sentence at 204 N.J. Super. 639 (App.Div. 1985).
Defendant moved to vacate the forfeiture relying entirely upon the affidavit of his mother. She stated that defendant called her on the date of trial and advised her that because he could not get his car started he had not appeared in court and that a bench warrant had been issued for his arrest. She called the East Orange Police Department "... to see if [defendant] could get some protection[.]" She stated that she "... in no way encouraged or advised the defendant from going to *64 court[.]" She reminded the trial court that she and not defendant would be financially hurt by the bail forfeiture. The trial court denied the application.
We affirm. R. 3:26-6(b) allows the setting aside of a forfeiture in whole or in part if the court finds that "... its enforcement is not required in the interest of justice...." It is defendant's and the surety's burden to prove that it would be inequitable to insist upon forfeiture and that forfeiture is not required in the public interest. See State v. Fields, 137 N.J. Super. 79, 81 (App.Div. 1975). Factors to be considered when the vacating of a forfeiture is sought are: whether the applicant is a commercial bondsman; the surety's supervision, if any, of defendant during his or her release; the surety's efforts to ensure the return of the fugitive; the time elapsed between the date ordered for defendant's appearance and defendant's return to court; the prejudice to the State; the expenses incurred by the State by reason of nonappearance, and whether reimbursement of the expenses will adequately satisfy the interest of justice. State v. Hyers, 122 N.J. Super. 177, 180 (App.Div. 1973).
Here, defendant's mother lived in Easton, Pennsylvania and defendant in Newark when the bail was posted. There is no evidence that she remained in contact with defendant pending trial or made any effort whatsoever to supervise him during his release. When defendant called to advise her that he had failed to appear, his mother's call to the East Orange Police Department was to secure protection for defendant, not to aid in his apprehension. According to the prosecutor, defendant's failure to appear and disappearance necessitated six adjournments of the trial and three weeks of investigation as to his whereabouts before he was apprehended. The trial court correctly observed that there was no indication that defendant's mother played any role whatsoever in assisting the State in locating defendant. That defendant's mother was not a commercial bondsman did not relieve her of her supervisory responsibility *65 over defendant during his release or her obligation to have aided the police in his apprehension and return to custody. In view of the factors pronounced in Hyers as well as the "intangible element of injury to the public interest", the trial court was justified in concluding that enforcement of the forfeiture was required in the interest of justice. State v. Peace, 63 N.J. 127, 129 (1973).
Affirmed.