825 A.2d 515 (2003)
361 N.J. Super. 250
STATE of New Jersey, Plaintiff-Respondent,
v.
David HARMON, Defendant, and
Highlands Insurance Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Reginald Levins, Defendant, and
Highlands Insurance Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Fred Gilbert, Defendant, and
Allegheny Mutual Casualty Co., Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Jacob Murray, Jr., Defendant, and
Legion Insurance Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Refat Mohammed, Defendant, and
Legion Insurance Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
John Glenn, Defendant, and
Northwestern National Casualty Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Michael Perez, Defendant, and
Northwestern National Casualty Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Michelle Velez, Defendant, and
Legion Insurance Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Sharif Coleman, Defendant, and
Legion Insurance Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
James Page, Defendant, and
Northwestern National Casualty Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Hector Rivera, Defendant, and
Northwestern National Casualty Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Lamont Walker, Defendant, and
Sirius America Insurance Co., Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Clifford Tyson, Defendant, and
Sirius America Insurance Co., Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Hector Feliciano, Defendant, and
Legion Insurance Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Terrance Johnson, Defendant, and
Northwestern National Casualty Company, Defendant-Appellant.
State of New Jersey, Plaintiff-Respondent,
v.
Abraham Matos, Defendant, and
Legion Insurance Company, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 2003.
Decided June 13, 2003.
*518 Samuel M. Silver, North Brunswick, argued the cause for appellant (Mr. Silver and Ted Del Guercio, III, on the brief).
Donna M. Whiteside, Assistant Camden County Counsel, argued the cause for respondent (Frederick J. Schuck, County Counsel, attorney; Ms. Whiteside, on the brief).
Before Judges PRESSLER, CIANCIA and HOENS.
PER CURIAM.
These are sixteen bail forfeiture appeals in which the surety appeals from an order either denying its motion for remission following the entry of default judgment of forfeiture against it or remitting a portion of the forfeited bail asserted by the surety to have been insufficient under the circumstances. All these appeals are from orders entered in Camden County, some following remands by this court, and we consolidate them for purposes of this opinion. For the reasons we expressed in State v. de la Hoya, 359 N.J.Super. 194, 819 A.2d 467 (App.Div.2003), we have elected to exercise original jurisdiction pursuant to R. 2:10-5 in order to finally resolve these disputes rather than again remanding to the trial court.
As we said in de la Hoya, supra, 359 N.J.Super. at 198, 819 A.2d 467:
The framework of the law governing forfeiture and remission of bail is set forth in R. 3:26-6, as relaxed by Supreme Court orders entered on November 1, 2000, and June 11, 2002. In brief, R. 3:26-6(a) provides that upon the breach of a condition of bail, the court on its own motion shall declare a forfeiture, and absent an objection by the surety seeking to set the forfeiture aside, a judgment of forfeiture shall be entered within 75 days after the declaration of forfeiture. Paragraph (b) permits the court to "direct that a forfeiture be set aside if its enforcement is not required in the interest of justice upon such conditions as it imposes." And paragraph (c) requires the judgment of forfeiture to be entered following the prescribed 75 days if an objection has not been made, but further authorizes the court, after judgment is entered, to remit the bail to the surety in whole or in part "in the interest of justice."
We again start with the proposition that the decision to remit bail and the amount of remission are matters within the sound discretion of the trial court to be exercised in the public interest. See, e.g., State v. Peace, 63 N.J. 127, 129, 305 A.2d 410 (1973); State v. de la Hoya, supra, 359 N.J.Super. at 198, 819 A.2d 467. The exercise of that discretion must, however, be informed by the standards articulated by *519 the courts in State v. Hyers, 122 N.J.Super. 177, 180, 299 A.2d 748 (App.Div.1973), and again in State v. Mercado, 329 N.J.Super. 265, 271, 747 A.2d 785 (App.Div.2000), and must, moreover, be consistent with the policy concerns we identified in de la Hoya, 359 N.J.Super. at 199, 819 A.2d 467. Paramount among them is the necessity to provide a reasonable incentive to the surety to attempt the recapture of the nonappearing defendant and to assure that the onus placed on commercial sureties is not so great as to risk the impairment of a defendant's realistic right to post pretrial bail. We also add that the focus of the bail forfeiture procedure is the vindication of the public interest and should not, therefore, be viewed as primarily a revenue-raising technique for the public fisc.
With respect to the specific factors to be weighed within the framework of the policy concerns, the primary consideration, as we held in Mercado, supra, 329 N.J.Super. at 271, 747 A.2d 785, is whether the surety has made reasonable efforts under the circumstances to effect the recapture of the fugitive defendant. We also regard as particularly significant the surety's supervision of the defendant while he is released on bail. The other Hyers factors include the corporate status of the surety, the length of time during which the defendant is a fugitive, the prejudice to the State and the expenses incurred by it resulting from the fugitive's non-appearance, recapture, and enforcement of the forfeiture, and whether reimbursement of the State's expenses will adequately satisfy the interests of justice. Hyers, supra, 122 N.J.Super. at 180, 299 A.2d 748. The detriment to the State also includes, as held by Peace, supra, 63 N.J. at 129, 305 A.2d 410, an unquantified "intangible element of injury to the public interest in almost any case where a defendant deliberately fails to make an appearance in a criminal case." And, as we noted in de la Hoya, a defendant's commission of another crime while a fugitive is a significant element of the State's intangible injury. See also State v. Fields, 137 N.J.Super. 76, 347 A.2d 810 (App.Div.1975).
In exercising our original jurisdiction our task is to apply these standards and policy concerns to each of the cases before us. Before addressing the common elements in these cases, we hold first that where defendant remains a fugitive when the remission motion is made, the essential undertaking of the surety remains unsatisfied, and the denial of any remission is entirely appropriate. In two of the appeals before us, State v. Abraham Matos, A-339-01T1, and State v. James Page, A-2055-02T1, that appears to have been the fact. In both cases, the motion for remission was denied in full, and we affirm. We note, however, that if the defendant in each of these appeals is recaptured within four years of the date of his original nonappearance, January 9, 2001, in the case of Matos and May 3, 2002, in the case of Page, the surety may renew its motion. See N.J.S.A. 2A:162-8.
With respect to all the other appeals before us, it is not disputed that the surety failed to supervise and monitor the defendant following his release on bail. To be sure, there are affidavits of surety personnel submitted on some of its motions asserting that the surety maintains a monitoring policy that requires weekly reporting by the defendant. But it is equally clear that that policy has been as totally disregarded by the surety as it has been by the defendant. The other common element is the perfunctory nature, except in one case to which we hereafter refer, of the surety's attempt to recapture the fugitive after receiving notice of forfeiture by virtue of non-appearance. The surety did not assign a recovery agent or other investigator *520 to locate and apprehend the defendant. Rather, it relied exclusively on eventual telephone inquiries of jails to determine if the defendant had been rearrested, sometimes making the call on information provided by the indemnitor on the bond. In some cases it promptly advised the prosecutor or other county authorities so that appropriate detainers against the defendant could be lodged, and in other cases, it apparently assumed that the county authorities would eventually obtain that knowledge from other sources. In some of these cases, the defendant committed a new offense while a fugitive and in some cases not. Finally, the County did not assert any expenditure by it of time, effort or money in seeking to recapture the defendant and enforcing the forfeiture. While it failed to do so on the representation that quantification of these expenditures was impractical, we are nevertheless satisfied that the intangible-injury category should appropriately take into account the county's employment of a fugitive squad, the expenses resulting therefrom, and the county's efforts in enforcing forfeiture.
Because the recapture of the fugitive defendant and his ultimate appearance before the court constitute the essence of the surety's undertaking, we are satisfied that even if the surety's efforts in the recapture were minimal, the fact of the recapture must be accorded weight in terms of implementation of the policies we have identified. This is particularly so where the time lapse between non-appearance and recapture is not inordinately long and the defendant has not committed a new crime during his fugitive period. We have determined that in these circumstances a remission of twenty percent of the posted bail is fair to the competing interests of the surety, the indemnitor who has posted collateral, defendants' general interest in the availability of commercial bail, and the interests of the State. There are seven cases before us that fit into this category, as follows:
In State v. Jacob Murray, Jr., A-1712-02T1, the surety posted bail in the amount of $10,000 on September 1, 1999. Defendant failed to appear at a scheduled court event on March 24, 2000. A warrant was issued on that date, and a forfeiture of bail declared. The warrant was executed by county officials on September 11, 2000, some six months later. Defendant was charged with no new offense in the interim. The surety learned of the rearrest, in which it had played no part, and moved for remission. The motion was denied in full. We reverse and remand for an order remitting to the surety $2,000 of the posted bail.
In State v. John Glenn, A-1716-02T1, the surety posted bail in the amount of $25,000. Defendant failed to appear at a scheduled court event on March 15, 2002. A warrant was issued on the same date and a forfeiture of bail declared. On June 25, 2002, the indemnitor advised the surety that defendant had been rearrested on June 11, 2002, and was lodged in the Camden County jail. He was charged with no new offense committed during the three months he was a fugitive. The surety moved for remission and the judge granted the motion to the extent of a remission of $5,000. We affirm.
In State v. Michael Perez, A-1717-02T1, the surety posted bail in the amount of $20,000 on November 17, 2001. Defendant failed to appear at a scheduled court event on March 26, 2002, and a warrant was issued on that date and a forfeiture of bail declared. On July 18, 2002, the surety's agent discovered that defendant had been incarcerated in Philadelphia from December 5, 2001, until June 20, 2002, when he was transferred to an in-patient drug-abuse *521 rehabilitation facility. The surety's motion for remission was denied in full. We note that if the surety had supervised or monitored defendant as it should have, it would have learned long before the nonappearance that defendant was incarcerated and would likely have been entitled to exoneration. See State v. Erickson, 154 N.J.Super. 201, 381 A.2d 72 (App.Div. 1977). Its failure to have done so and to have enabled the State to lodge a detainer prejudiced not only the State's interests and the interests of administration of the criminal justice system but also its own. Under the circumstances, we are satisfied that the surety is entitled to a remission of $4,000 of the posted bail, and reverse and remand for entry of a conforming order.
In State v. Michelle Velez, A-1814-02T1, the surety posted bail in the amount of $15,000 on September 6, 2000. Defendant failed to appear at a scheduled court date on March 2, 2001. A warrant was issued and forfeiture of bail declared on that date. The surety received information from the indemnitor on February 20, 2001, prior to the date of defendant's non-appearance, that he was incarcerated in Florida. There is no indication that the surety ever followed-up this information and eventually law enforcement authorities located him in Florida and returned him to New Jersey. As in the case of Michael Perez, appropriate and prompt action by the surety might well have entitled it to exoneration. It did nothing, however, needlessly prejudicing the State and the administration of justice. In these circumstances, we are satisfied that a remission of $3,000 is appropriate and reverse the order denying remission in full.
In State v. Sharif Coleman, A-2054-02T1, the surety posted bail in the amount of $50,000. Defendant failed to appear at a scheduled court event on June 16, 2000, and a warrant was issued and a forfeiture of bail declared on that date. The surety confirmed that defendant had been rearrested, apparently on the warrant issued when he failed to appear, on September 5, 2000, less than three months later. He was charged with no new offense committed during that period. The surety's motion for remission was denied in full. We reverse and remand for entry of an order remitting to the surety $10,000 of the posted bail.
In State v. Clifford Tyson, A-2060-02T1, the surety posted bail in the amount of $40,000 on May 21, 2002. Defendant failed to appear at a scheduled court event on July 12, 2002. A warrant was issued and a forfeiture of bail declared on that date. A month later, on August 13, 2002, the surety learned that the defendant had been thereafter rearrested and was lodged in the Camden County jail. He was not charged with a new offense while a fugitive. The surety's motion for remission was granted to the extent of $2,000. We reverse and remand for entry of an order remitting to the surety $8,000 of the posted bail.
In State v. Terrance Johnson, A-2557-02T1, the surety posted bail in the amount of $5,000. Defendant failed to appear at a scheduled court event on May 3, 2002, and a warrant issued and a forfeiture of bail declared on that date. The warrant was executed on August 22, 2002. The surety determined on October 1, 2002, that the new court date for October 28, 2002 was set. There is no indication that defendant thereafter was in fugitive status. The surety's motion for remission was denied in full. We reverse and remand for entry of an order remitting to the surety $1,000 of the posted bail.
In addition to the foregoing seven cases, there is an additional one, State v. Hector Feliciano, A-2062-02T1, in which the surety neither monitored nor supervised *522 defendant nor made any affirmative attempts to locate and recapture him following his non-appearance and where it also appears that defendant was not charged with a new crime while a fugitive. The distinguishing fact in this case is the unacceptably long period of time during which he was a fugitive. The surety had posted bail in the amount of $200,000, and defendant failed to appear at a scheduled court event on November 13, 2000. It appears that the surety took no affirmative steps prior to determining in September 2002, nearly two years later, that defendant had been reincarcerated on August 13, 2002. We regard the length of time during which defendant was in fugitive status as significant, and therefore determine that a balancing of all the competing interests cannot warrant a remission in excess of ten percent. The surety's motion for remission was denied in full. We reverse and remand for entry of an order remitting to the surety $20,000 of the posted bail.
The next category of cases we address is that in which the defendant was charged with committing a new offense while a fugitive. In this category as well the surety did not supervise or monitor defendant while released on bail and did not itself make any efforts to recapture him upon receipt of notice of non-appearance and bail forfeiture. Nevertheless, we are satisfied that the fact of recapture constitutes a fulfillment, at least in some small part, of the surety's objective obligation that defendant be produced in court entitling the surety to some small remission, which we fix in these cases at ten percent of the posted bail. There are five such cases.
In State v. David Harmon, A-5539-01T1, the surety posted bail in the amount of $10,000. Defendant failed to appear at a scheduled court event on June 13, 2001. A bench warrant was issued a forfeiture of bail declared on that date. He was arrested on new charges on October 9, 2001. The surety's motion for remission was denied in full. We reverse and remand for entry of an order remitting to the surety $1,000 of the posted bail.
In State v. Fred Gilbert, A-5812-01T1, the surety posted bail in the amount of $50,000 on June 16, 1998. Defendant failed to appear at a scheduled court date on May 17, 1999. A warrant was issued and a forfeiture of bail declared on that date. Defendant was arrested in Georgia by police authorities, and eventually extradited to New Jersey. The surety's motion for remission was denied in full. We reverse and remand for entry of an order remitting to the surety $5,000 of the posted bail.
In State v. Refat Mohammed, A-1714-02T1, the surety posted bail in the amount of $125,000 on February 20, 2000. Defendant failed to appear at a scheduled court event on June 9, 2000. A bench warrant was issued and a forfeiture of bail declared on that date. On September 20, 2000, the surety learned that defendant was incarcerated in a Philadelphia jail, having been arrested on charges of a crime committed while a fugitive. The surety's motion for remission was denied in full. We reverse and remand for entry of an order remitting to the surety $12,500 of the posted bail.
In State v. Hector Rivera, A-2056-02T1, the surety posted bail of $22,500. Defendant failed to appear at a scheduled court event on April 19, 2002. A bench warrant was issued and a forfeiture of bail declared on that date. In September the surety learned that defendant had been rearrested on a disorderly persons simple assault charge. The surety's motion for remission was denied in full. We reverse and remand *523 for entry of an order remitting to the surety $2,250 of its posted bail.
In State v. Lamont Walker, A-2059-02T1, the surety posted bail in the amount of $75,000. Defendant failed to appear at a scheduled court event on June 28, 2002. A bench warrant was issued and forfeiture of bail declared on that date. The surety received information from the indemnitor that defendant had been rearrested in Pennsylvania on a new charge on July 30, 2002. The surety's motion for remission was denied in full. We reverse and remand for entry of an order remitting to the surety $7,500 of the posted bail.
Finally, there is one case whose special circumstances require deviation from the categorizations we have made and warrant some adjustment of our remission calculus. In State v. Reginald Levins, A-5540-01T1, the surety posted bail in the amount of $12,500. Defendant failed to appear at a scheduled court event on July 13, 2001. A bench warrant was issued and a forfeiture of bail declared on that date. On August 27, 2001, the surety's agent apprehended defendant in Philadelphia, and turned him over to Pennsylvania authorities, receiving a so-called body receipt. The problem is that the surety's agent did not notify any authority in New Jersey of defendant's arrest in Philadelphia. Consequently no detainer was lodged against him. Eventually, the New Jersey authorities learned of defendant's whereabouts and commenced extradition proceedings, which were still pending at the time of the hearing on the surety's motion for remission. We are satisfied that had the surety's agent advised the Camden County Prosecutor of his recapture and turnover of defendant in Philadelphia, a detainer would have been promptly lodged and the surety could therefore be deemed to have significantly, although obviously not entirely, fulfilled its obligation on the bond. The surety, however, offers no explanation of its agent's failure to return defendant to New Jersey or to have notified the Prosecutor of the turnover to Pennsylvania. Substantial time therefore elapsed before defendant could be returned to New Jersey and he was still regarded as a fugitive during this time. Under these circumstances, we conclude that a remission of fifty percent is appropriate based on the surety's prompt recapture and defendant's not having apparently committed a new offense while a fugitive. We therefore reverse the order denying the surety's remission motion in full and remand for entry of an order remitting to the surety $6,250 of the posted bail.
To summarize our disposition of each of the sixteen cases before us:
State v. David Harmon, A-5539-01T1. The order denying remission in full is reversed, and we remand for entry of an order remitting $1,000.
State v. Reginald Levins, A-5540-01T1. The order appealed from is reversed, and we remand for entry of an order remitting $6,250.
State v. Fred Gilbert, A-5812-01T1. The order appealed from is reversed, and we remand for an order remitting $5,000.
State v. Jacob Murray, Jr., A-1712-02T1. The order appealed from is reversed, and we remand for entry of an order remitting $2,000.
State v. Refat Mohammed, A-1714-02-T1. The order appealed from is reversed, and we remand for entry of an order remitting $12,500.
State v. John Glenn, A-1716-02T1. The order appealed from remitting $5,000 is affirmed.
State v. Michael Perez, A-1717-02T1. The order appealed from is reversed, and *524 we remand for entry of an order remitting $4,000.
State v. Michelle Velez, A-1814-02T1. The order appealed from is reversed, and we remand for entry of an order remitting $3,000.
State v. Sharif Coleman, A-2054-02T1. The order appealed from is reversed, and we remand for entry of an order remitting $10,000.
State v. James Page, A-2055-02T1. The order appealed from denying remission is affirmed.
State v. Hector Rivera, A-2056-02T1. The order appealed from is reversed, and we remand for entry of an order remitting $2,250.
State v. Lamont Walker, A-2059-02T1. The order appealed from is reversed, and we remand for entry of an order remitting $7,500.
State v. Clifford Tyson, A-2060-02T1. The order appealed from is reversed, and we remand for an order remitting $8,000.
State v. Hector Feliciano, A-2062-02T1. The order appealed from is reversed, and we remand for an order remitting $20,000.
State v. Terrance Johnson, A-2557-02T1. The order appealed from is reversed, and we remand for an order remitting $1,000.
State v. Abraham Matos, A-339-01T1. The order denying remission is affirmed.