NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3018-15T1
STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MICHAEL MUSTO and RAPID RELEASE BAIL
BONDS, INC.,

 Defendants,

and

CRUM & FOSTER INDEMNITY CO.,

 Defendant-Appellant.
____________________________________

 Argued telephonically October 10, 2017 –
 Decided October 25, 2017

 Before Judges Hoffman and Mayer.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Indictment No.
 13-06-1188.

 Richard R. Capone argued the cause for
 appellant.

 Malcom V. Carton, Special County Counsel,
 County of Monmouth, argued the cause for
 respondent.

PER CURIAM
 Defendant Crum and Foster Indemnity Co., Inc. (the Surety)

appeals from the January 29, 2016 order denying reconsideration

of a September 22, 2015 order vacating bail forfeiture conditioned

upon the payment of $2000 to the State of New Jersey. We affirm.

 According to the Surety's notice of appeal, the order on

appeal is the January 29, 2016 order denying reconsideration. The

September 22, 2015 order setting aside the bail forfeiture and

reinstating bail was not appealed.1

 This appeal emanates from a criminal case wherein Michael

Musto (Musto) was released on a bail bond in the amount of $40,000,

posted by Rapid Release Bail Bonds, Inc.2 and backed by the Surety.

When Musto failed to appear in court, bail was forfeited. Musto

subsequently appeared in court; however, the trial judge did not

reinstate bail.

 The Surety then moved to set aside the bail forfeiture and

exonerate the Surety. The motion judge vacated the bail forfeiture

conditioned upon the payment of five percent of the bond, amounting

1
 The Surety's appellate brief addresses the merits of the
September 22, 2015 order and offers no legal argument as to the
January 29, 2016 order denying reconsideration.
2
 Rapid Release Bail Bonds, Inc. filed bankruptcy during the
pendency of this appeal.

 2 A-3018-15T1
to $2000, to be paid to the State, and reinstated the balance of

the bond.

 The Surety moved for reconsideration. On January 29, 2016,

the motion judge issued an order denying the Surety's

reconsideration motion. The motion judge repeated his earlier

ruling from September 22, 2015 that a party seeking to set aside

a forfeiture bears the burden of proving "it would be inequitable

to insist upon forfeiture and that forfeiture is not required in

the public interest." (quoting State v. Childs, 208 N.J. Super.

61, 64 (App. Div.), certif. denied, 104 N.J. 430 (1986)). The

motion judge found that the Surety failed to: (1) prove the court's

original decision was palpably incorrect or irrational; or (2)

identify any new issues of fact or law which the Surety believed

the court overlooked, as required to prevail on reconsideration.

 On appeal, the Surety argues error as to the underlying

September 22, 2015 order, not the January 29, 2016 order. Our

Court Rules provide that "[i]n civil actions the notice of appeal

. . . shall designate the judgment, decision, action or rule, or

part thereof appealed from." R. 2:5-1(f)(3)(A). "[I]t is clear

that it is only the judgments or orders or parts thereof designated

in the notice of appeal which are subject to the appeal process

and review." Pressler & Verniero, Current N.J. Court Rules,

comment 6.1 on R. 2:5-1(a) (2018); see also Campagna ex rel. Greco

 3 A-3018-15T1
v. Am. Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div.)

(declining to address plaintiffs' argument for reversing the trial

court's denial of their summary judgment motion, where plaintiffs

failed to identify that order in their notice of appeal), certif.

denied, 168 N.J. 294 (2001). "An appellant . . . proceeds at his

or her peril by insufficiently completing the notice of appeal or

CIS. The appellant should explicitly designate all judgments,

orders and issues on appeal in order to assure preservation of

their rights on appeal." Fusco v. Bd. of Educ. of Newark, 349

N.J. Super. 455, 461 n.1 (App. Div.) (deciding only the appeal of

the reconsideration order and not the underlying summary judgment

order, where appellant only identified the reconsideration order

in the notice of appeal), certif. denied, 174 N.J. 544 (2002).

 Reconsideration is a matter within the sound discretion of

the trial court and we review for abuse of discretion. See Palombi

v. Palombi, 414 N.J. Super. 274, 288—89 (App. Div. 2010).

Reconsideration is not intended for a litigant who is merely

dissatisfied with a court's decision; the movant must prove the

judge's decision was arbitrary, capricious, palpably incorrect or

irrational, or that the judge "obvious[ly]" failed to consider or

appreciate probative evidence. D'Atria v. D'Atria, 242 N.J. Super.

392, 401 (Ch. Div. 1990).

 4 A-3018-15T1
 The Surety argues that: (1) the trial judge failed to follow

applicable law when he declined to reinstate bail; (2) the motion

judge erred in reinstating the bail, less the forfeiture amount;

and (3) the motion judge abused his discretion by following the

remittitur guidelines such that a five percent forfeiture was

excessive.

 The Surety's arguments on appeal mirror those presented to

the motion judge in its original motion and reconsideration motion

seeking to set aside the forfeiture. The Surety failed to identify

any specific case or fact which it believes was overlooked or

improperly determined by the motion judge. The Surety's appeal

is a third bite at the apple seeking to set aside the forfeiture

and the Surety failed to demonstrate the motion judge abused his

discretion in denying the motion for reconsideration.

 Affirmed.

 5 A-3018-15T1