**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-6010-17T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

CARLOS VICTORIANO,

      Defendant,

and

U.S. SPECIALTY INS. CO.,

      Defendant-Appellant.

_____

Argued May 30, 2019 – Decided July 8, 2019

Before Judges Koblitz and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 13-08-1200.

Richard P. Blender argued the cause for appellant.

Matthew Michael Nicodemo argued the cause for respondent (Meyerson Fox Mancinelli & Conte, PA,

attorneys; Douglas Mitchell Bern and Matthew Michael Nicodemo, on the brief).

PER CURIAM

Defendant U.S. Specialty Ins. Co. (Surety) appeals from the August 17, 2018 order denying its motion to vacate bail forfeiture. We reverse and remand for reconsideration of partial remission in light of the considerable efforts put forth by the Surety to locate Carlos Victoriano in the Dominican Republic and the State's decision not to seek extradition in spite of the extradition treaty between the United States and the Dominican Republic.[1]

In May 2013, Victoriano was released on $125,000 bail posted by the Surety. The Surety was aware Victoriano's home country was the Dominican Republic and that he was charged with attempted murder.

Almost one year later, on April 7, 2014, Victoriano failed to appear in court, a bench warrant was issued and the bail forfeited. Victoriano was at the Surety's office making a payment on his premium on the day he was supposed to be in court.

---

[1] Extradition Treaty with the Dominican Republic, Dom. Rep.-U.S., Jan. 12, 2015, 2015 U.S.T. 64.

Four days later, the Surety was contacted by the court to determine its willingness to reinstate the bail, and the Surety immediately sent a letter to the court indicating that it did not wish to reinstate the bail. Later that day, the court held a hearing, with Victoriano present with his attorney, and reinstated bail over the written objection of the Surety. The Surety did not receive notice of the hearing. The court acknowledged the Surety's letter, but nonetheless reinstated bail.

Victoriano then appeared in court on April 21, June 2, and June 30, 2014. On December 18, 2014, Victoriano failed to appear for trial, and on December 22, 2014, the court issued a notice of bail forfeiture. Victoriano's trial took place in his absence and he was found guilty of attempted murder.

The Surety hired a Florida company to investigate. The company found where Victoriano was currently living and working in the Dominican Republic. The Surety avers it spent $50,000 to locate and retrieve Victoriano and two other defendants who absconded, including the expense of hiring a small airplane.

Officials from the Dominican Republic indicated they were ready to issue an arrest warrant for Mr. Victoriano, but could not do so without the issuance of an Unlawful Flight to Avoid Prosecution (UFAP) warrant, which was never requested by the State.

3

The motion judge denied the Surety's motion for remission with a written opinion, concluding:

> [T]he Surety failed to adequately monitor and supervise the defendant. The Surety was aware that the defendant's home country was the Dominican Republic and that he was being charged with attempted murder, and assumed associated risks. The only supervisory mechanism indicated were "Check-In Log" records, maintained by the Surety, documenting [d]efendant's numerous office visits to the Surety. As mentioned by County Counsel, the Surety does not state why it was unaware of the defendant's whereabouts during the eight months between the April 7, 2014 conference and the December 18, 2014 failure to appear. As such, it cannot be said that the Surety carried out its responsibilities to supervise and monitor the defendant. Further, unlike the facts in [State v.] Mungia, 446 N.J. Super. 318 (App. Div. 2016), the Surety is not entitled to remission. The law presumes remission is not available where a defendant is a fugitive. Moreover, the State's failure to seek extradition is only one factor to consider. This court finds that the Surety provided minimal supervision of the defendant, and has failed to meet the heavy burden to show that it has satisfied its essential obligation under the recognizance to secure the defendant's return to custody. Further, the defendant is still a fugitive and remains in the Dominican Republic, therefore remission is not warranted.

Bail remission matters are "within the sound discretion of the trial court to be exercised in the public interest." State v. Clayton, 361 N.J. Super. 388, 392 (App. Div. 2003). Public policy concerns to be considered include:

4

the surety's supervision of defendant while released on bail, the surety's efforts to ensure the fugitive's return, the length of time between the fugitive's non-appearance and return, both the prejudice to the State and the expenses incurred by it resulting from the fugitive's non-appearance, recapture, and enforcement of the forfeiture, and whether reimbursement of the State's expenses will adequately satisfy the interests of justice.

[State v. de la Hoya, 359 N.J. Super. 194, 198-99 (App. Div. 2003).]

"Paramount" among such concerns, id. at 199, is "the need to provide a reasonable incentive to the surety to attempt the recapture of the non-appearing defendant and to assure that the onus placed on commercial sureties is not so great as to risk the impairment of a defendant's realistic right to post pretrial bail," Clayton, 361 N.J. Super. at 392-93. Moreover, where a non-appearing defendant remains a fugitive, "the court's primary focus . . . should be upon the surety's efforts to secure the defendant's return . . . ." State v. Mercado, 329 N.J. Super. 265, 271-72 (App. Div. 2000). We review the motion court's exercise of discretion under "the totality of the circumstances presented." State v. Korecky, 169 N.J. 364, 373 (2001).

A court may set aside a bail forfeiture either before or after the entry of judgment. R. 3:26-6(b). "[T]he principles of suretyship apply to bail bonds." Clayton, 361 N.J. Super. at 395. "It is a well-settled principle of suretyship that

the surety is only chargeable according to the strict terms of its undertaking and that, as a result, its obligation cannot be extended or altered beyond the terms of its agreement." Ibid. In Clayton we held that a "unilateral alteration of the terms of the undertaking by the principal . . . and the creditor . . . without the consent of the surety . . . discharged the surety if the modification materially increased the risk of the undertaking." Ibid.

The Surety argues the reinstatement of bail, over the objection of the Surety, and without affording the Surety an opportunity to be heard, is a nullity. We disagree.

In Clayton, after the defendant failed to appear in court, the surety turned him over to authorities. Id. at 394. Without informing the surety, the court reinstated bail and again released the defendant. Ibid. When the defendant failed to appear in court again, the surety moved to vacate forfeiture, arguing reinstatement of bail without its knowledge was improper. Ibid. The trial court denied the surety's motion, and we reversed the decision on appeal, stating, "Simply put, the court did not have the authority to effect a reinstatement of the bail bond without the consent of the surety. Beyond that, the surety's initial prompt return of [the defendant] and timely motion for relief entitled it to exoneration." Id. at 395. Here, however, the defendant was at the Surety's office

6

on the day he failed to appear in court, and turned himself in to the court four days later with an explanation. The court reasonably determined that the Surety's risk was not materially increased by defendant's inadvertent nonappearance.

The Surety also argues it is entitled to relief from a complete forfeiture because it located Victoriano in the Dominican Republic and could have returned him to New Jersey, but for the failure to issue a UFAP.

> [W]hen a criminal defendant, as the principal under the bail bond, defaults on his obligation to appear in court when lawfully required, the surety is obligated to locate, apprehend and return the defendant to custody. Therefore, if a surety seeks a partial or total remission of a forfeiture of bail, it bears a heavy burden to show that it has satisfied its essential obligation under the recognizance to secure the defendant's return to custody, and in the absence of this showing, the trial court may determine that the forfeiture should stand . . . . [T]he court's primary focus, especially when the defendant has remained a fugitive for a significant period of time, should be upon the surety's efforts to secure the defendant's return, rather than upon the expenses incurred by the State as a result of the defendant's failure to appear or the prejudice to the State's case caused by the defendant's absence.
>
> [Mercado, 329 N.J. Super. 271 (emphasis added) (citations omitted).]

"Where the defendant remains a fugitive when the remission motion is made, the essential undertaking of the surety remains unsatisfied, and the denial of any

7

remission is entirely appropriate." State v. Ventura, 196 N.J. 203, 215 (2008) (quoting Administrative Directive #22-17, "Bail and Bail Forfeitures -- Revisions to Procedures and Forms" (Aug. 7, 2017)). The presumption against remission was explained in State v. Mungia, 446 N.J. Super. 318, 323-24, 326 (App. Div. 2016) (emphasis added), where we affirmed a thirty percent remission:

> if a defendant becomes a fugitive and flees to a foreign country, there is a presumption against remission. The surety must make every effort to assist in the re-apprehension of the defendant, including by locating the defendant in the foreign country. The failure to extradite a located defendant does not excuse the sureties from their contract with the State, and generally does not justify remission if the State has no ability to obtain extradition of the defendant. However, if the surety locates the defendant in a foreign country, and extradition is possible, but the State elects not to request that the federal government seek extradition, there is no absolute bar against remission. In that situation, the trial court should consider the general factors governing remission.

In Mercado, where each defendant had been apprehended and returned to court after failing to appear, their return was due to the action of law enforcement rather than the surety. 329 N.J. Super. at 272-73. We found the trial court did not abuse its discretion by ordering forfeiture of ninety percent of the bond because the surety "failed to show that it made any active efforts to

locate, apprehend and return the defendants to court." Id. at 272; see also State v. Hyers, 126 N.J. Super. 259, 260 (App. Div. 1973) (finding partial remission appropriate where the guarantors "made all reasonable efforts to locate defendant which ultimately bore fruit, and the State suffered no prejudice"); State v. Childs, 208 N.J. Super. 61, 64 (App. Div. 1986) (affirming denial of motion to vacate forfeiture of bail posted by defendant's mother because "there was no indication that defendant's mother played any role whatsoever in assisting the State in locating defendant").

Although the motion court's written opinion provides "[t]he law presumes remission is not available where a defendant is a fugitive," the Surety overcame that presumption by locating Victoriano in the Dominican Republic. See Mungia, 446 N.J. Super. at 323-24. There was "no absolute bar against remission" when the Surety located Victoriano in a foreign country and the State's inaction led to a failure of extradition. See ibid. Although the directive cited in Ventura, 196 N.J. at 215, notes denial of remission is "entirely appropriate" where the defendant remains a fugitive, the directive does not mandate a denial of all remission. See Administrative Directive #22-17, "Bail and Bail Forfeitures – Revisions to Procedures and Forms" (Aug. 7, 2017).

Because the Surety located Victoriano, the analysis should shift to the other factors governing remission. See Mungia, 446 N.J. Super. at 323-24.

After listing the factors, the motion court found only that "the Surety failed to adequately monitor and supervise the defendant" and "the State's failure to seek extradition is only one factor to consider." The Surety monitored Victoriano between May 2013 and September 2014, during which he regularly checked in with the Surety's office. See State v. Harmon, 361 N.J. Super. 250, 256 (App. Div. 2003) (finding failure to adequately monitor where the surety "totally disregarded" any monitoring policy). After the Surety received notice of the December 22, 2014 bail forfeiture, the Surety immediately investigated and learned Victoriano had fled to the Dominican Republic. The Surety discovered Victoriano's whereabouts, and the Dominican Republic indicated it would assist in his apprehension once the Surety obtained the UFAP, which the State never requested. The Surety also spent a substantial amount of money to hire a small airplane to retrieve him. The Surety therefore demonstrated significant "efforts to secure the defendant's return." Mercado, 329 N.J. Super. at 271. Although the Surety's efforts should have been "the court's primary focus," ibid., the motion court's analysis did not include this factor. Some level of remission is appropriate to encourage sureties to exert efforts to return

defendants. <u>See</u> <u>de la Hoya</u>, 359 N.J. Super. at 199. Therefore, the motion court misapplied its discretion by over-emphasizing one factor, the failure to adequately monitor. <u>See, e.g.</u>, <u>id.</u> at 198-99.

Reversed and remanded for reconsideration in light of the efforts made by the Surety to return Victoriano to the jurisdiction. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION